**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00848-01-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Elijah Loren Arthur, Sr., | |
| Defendants. | |

The Government has moved for the imposition of restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, against Defendant Elijah Loren Arthur, Sr. (Doc. 271) Oral argument was held on July 19, 2016, and the Court issued an Order (Doc. 283) (the "Restitution Order") on July 20, 2016 requiring the Defendant to pay restitution in the amount of $565,923 to Jair Cabrera's estate. The Defendant appealed the Restitution Order (Doc. 285), and the Court of Appeals for the Ninth Circuit remanded the Restitution Order for "recalculation on an open record" and further consideration of "whether a consumption offset is necessary concerning the officer's projected lost income". (Doc. 303-1 at 5) On May 7, 2019, oral argument was held on the Government's Motion for Restitution. (Doc. 306)

Restitution in this case is mandatory under the MVRA. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(I) ("the court shall order . . . that the defendant make restitution to the victim of the offense" for "a crime of violence."). If, as here, the victim of the crime of violence is deceased, restitution must be ordered to the victim's estate. 18 U.S.C. § 3663A(a)(1). Restitution includes the future lost income of the murder victim. *United States v.*

*Cienfuegos,* 462 F.3d 1160, 1164–65 (9th Cir. 2006). The restitution in this case shall be equal to the amount of the future lost income of the victim, based on reasonable assumptions concerning the victim's future earnings, minus other compensation received.

Here, the Government engaged a Certified Public Accountant, who is certified in Financial Forensics by the American Institute of CPAs, to prepare a report calculating the estimated lost earning capacity of the victim. (Doc. 306 at 3) The information contained therein provides sufficient and competent evidence from which to determine an appropriate amount of restitution in this case. 18 U.S.C. §§ 3663, 3664; *Cienfuegos,* 462 F.3d at 1161 (future lost income must be "reasonably calculable," and not speculative). The Court adopts Tim Tribe's most conservative finding assuming 0% salary growth and no overtime, for a starting restitution amount of $780,923. (Doc. 306 at 3)

The Government requests for the Court to apply a consumption offset to a restitution award. The Government recommends applying a consumption offset of $466,992 to a restitution award, which would leave the Defendant liable for the remaining $313,931. The Defendant agrees with the Government's argument that a consumption offset should be applied to a restitution award. (Doc. 309 at 1–2)

At the hearing before the Court on July 19, 2016, the Victim's parents stated that they received approximately $360,000 from insurance payouts after Victim's death. (Doc. 306-2 at 39) The Government argues that the money received by the Victim's parents should not count against a restitution award because the money was given to the Victim's parents in their individual capacities and not to the Victim's estate. (Doc. 306 at 5) While the Defendant points out that the Victim's parents have received approximately $360,000 in life insurance payments and $35,000 in donations since the Victim's death, the Defendant takes no position on the Government's argument that these amounts should not count against a restitution award. (Doc. 309 at 2)

The Court will apply a consumption offset as requested by the Government in the amount of $466,992. No additional offsets will be applied to the restitution award. Therefore, the Court will order Defendant to pay restitution in the amount of $313,931.

It is the Court's understanding that the Defendant currently has two sources of income: his quarterly per capita payments from the Salt River Pima-Maricopa Indian Community and from prison employment. Defendant has children and has been ordered to pay child support in the amount of $2,400 per quarter. The Salt River Pima-Maricopa Indian Community currently deducts this amount from Defendant's quarterly checks and sends the remainder to Defendant. These child support payments will continue to be deducted from the per capita checks and the remainder of the money will go toward restitution in this case.

Accordingly,

**IT IS ORDERED:**

1. That Defendant must pay restitution in the amount of $313,931 to Jair Cabrera's estate;

2. That child support will be deducted from Defendant's quarterly per capita payments prior to deductions under this Order until the children reach the age of majority;

3. That the remainder of the quarterly per capita payments will go to satisfy this judgment; and

4. That the Clerk of Court issue an amended Judgment in a Criminal Case to include the terms of restitution and release the garnished funds being held pursuant to the Court's Order (Doc. 297).

Dated this 13th day of May, 2019.

Honorable Steven P. Logan
United States District Judge