**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Elijah Loren Arthur, Sr.,<br><br>Defendant. | No. CR-14-00848-PHX-SPL-1<br><br>**ORDER** |

Before the Court is Defendant Elijah Loren Arthur, Sr.'s Amended Motion for Relief Under § 3582(c)(1)(A) (Doc. 342), in which he requests compassionate release due to the risk of contracting COVID-19. For the reasons that follow, the Motion will be denied.

**I.   BACKGROUND**

On September 16, 2015, a jury found Defendant guilty of (1) first degree murder, and (2) using a firearm in the commission of a crime of violence resulting in murder. (Doc. 209). On May 24, 2014, Defendant was a passenger in a vehicle driven by co-Defendant Joey Thomas. (Doc. 353 at 5). Officer Jair Cabrera of the Salt River Police Department attempted to pull the vehicle over in his patrol car, but Thomas continued driving for a short time before pulling into a gas station. (Doc. 353 at 5). Officer Cabrera parked perpendicular to Thomas's vehicle, and as he did so, Defendant exited the vehicle with an assault rifle and fired two rounds at Officer Cabrera's patrol car. (Doc. 353 at 5). One of the rounds struck Officer Cabrera in the head, killing him. (Doc. 353 at 5).

Defendant fled on foot and disposed of the assault rifle but was soon arrested. (Doc. 353 at 5–6).

Defendant was sentenced to life in prison for the first count and an additional ten years on the second count to run consecutively. (Doc. 284). Defendant began serving his sentence on January 4, 2016 and is currently housed in the Hazelton United States Penitentiary in West Virginia. (Doc. 342 at 2; Doc. 349 at 3).

## II.  LEGAL STANDARD

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c), however, provides an exception—commonly referred to as "compassionate release"—allowing the Court to reduce a sentence based on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1). Originally, only the Director of the Bureau of Prisons could move for compassionate release under § 3582(c). The First Step Act of 2018 changed this, allowing for individual defendants to move for compassionate release themselves. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

To grant a motion for compassionate release under § 3582(c)(1), the Court must first find that Defendant has exhausted all administrative remedies. The Court may then reduce the term of imprisonment if it finds that "extraordinary and compelling reasons" exist to support the reduction. § 3582(c)(1)(A)(i). In addition, the Court must consider the applicable sentencing factors in 18 U.S.C. § 3553(a) and any applicable policy statements from the Sentencing Commission. § 3582(c)(1)(A).

Section 3582(c) does not define "extraordinary and compelling reasons." In a policy statement—U.S.S.G. § 1B1.13—the Sentencing Commission "has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all 'other reasons.'" *United States v. Prigge*, 2021 WL 3550207, No. CR-13-01363-001-PHX-GMS, at *1 (D. Ariz. Aug. 11, 2021) (quoting

U.S.S.G. § 1B1.13, application note 1(A)–(D)).[1] The policy statement also provides that compassionate release is not appropriate unless "[t]he defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Importantly, the Sentencing Commission's statements in § 1B1.13 "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

### III.     DISCUSSION

The government does not dispute that Defendant exhausted his administrative remedies before filing this motion. (Doc. 349 at 6). Thus, the question is whether Defendant has shown extraordinary and compelling reasons to justify relief.

Defendant argues that his risk of becoming severely ill if he were to contract COVID-19 is an extraordinary and compelling reason. He states that he is at heightened risk due to high blood pressure (hypertension) and psoriasis, which is thought to be an immune system disorder. (Doc. 342 at 6). The Court will assume for purposes of deciding this Motion that those conditions in fact make Defendant more vulnerable to COVID-19.[2]

Defendant has, however, received two doses of the Pfizer COVID-19 vaccine. (Doc. 342 at 3). "Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release because vaccination greatly reduces an individual's risk of experiencing a severe case of COVID-19." *United*

---

[1] "Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants." *Prigge*, 2021 WL 3550207, at *1, n.1; *see also Aruda*, 993 F.3d at 797 (holding the policy statement, U.S.S.G. § 1B1.13, is only persuasive, not binding, as to what constitutes "extraordinary and compelling" reasons on a defendant-filed compassionate release motion).

[2] CDC guidelines do not offer conclusive support for this assumption. *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited February 28, 2022) (stating that having various heart conditions, including "*possibly* high blood pressure (hypertension) can make you more likely to get very sick from COVID-19" (emphasis added)); *see id.* (making no reference to psoriasis among conditions that create a higher risk of severe illness from COVID-19).

*States v. Lipsey*, No. CR-07-01208-001-PHX-GMS, 2022 WL 180725, at *2 (D. Ariz. Jan. 20, 2022) (citing cases) (internal quotation marks omitted). The Pfizer vaccine is 95% effective at preventing infection, including at least 90% efficacy among people with underlying health conditions. *See* CDC, *Pfizer-BioNTech COVID-19 Vaccine (also known as COMIRNATY) Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last accessed February 28, 2022). As Defendant argues, there is a small possibility of a breakthrough infection despite his vaccination status. (Doc. 342 at 7). Still, as the CDC reports, "[e]ven when fully vaccinated people develop symptoms, they tend to be less severe symptoms than in unvaccinated people. This means they are much less likely to be hospitalized or die than people who are not vaccinated." CDC, *Possibility of COVID-19 Illness After Vaccination*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last accessed February 28, 2022). Thus, Defendant's vaccination status mitigates his risk of becoming severely ill due to COVID-19 such that the virus is not an extraordinary and compelling reason to grant compassionate release. *See United States v. Hayes*, No. 4:17-cv-00289-DCN, 2021 WL 2533517 (D. Idaho June 21, 2021) (denying compassionate release to an individual with hypertension and obesity because she was vaccinated).

The sentencing factors in 18 U.S.C. § 3553(a) also counsel against granting compassionate release. Those factors include:

> the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims.

*United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013). Defendant committed an abhorrent crime when he murdered a police officer, who was merely trying to effectuate a

traffic stop, by shooting him in the head with an assault rifle. A jury therefore convicted him of premeditated murder. That conviction carried a mandatory life sentence. *See* 18 U.S.C. § 1111(b). But now, Defendant seeks to be released from prison and placed on supervised release at the age of 41, having served less than eight years of his life sentence. Granting Defendant's Motion would wholly undercut the statute and its deterrent purpose. It would present an unwarranted divergence from the sentences being served by others convicted of the same crime. And it would pose a high risk of danger to the public given Defendant's lengthy history of criminal conduct, his extensive past substance abuse, his gang association, and the lack of remorse he showed after committing the crime. (Doc. 240 at 9–20). The Court applauds Defendant's efforts to educate and improve himself while in prison (Doc. 342 at 8). But after considering all of the § 3553 factors and the Sentencing Commission's statements in U.S.S.G. § 1B1.13, the Court, in its discretion, finds that compassionate release is not warranted in this matter.

Finding no extraordinary or compelling reason to justify a sentence reduction, and finding that the applicable sentencing factors also weigh against relief,

**IT IS ORDERED** that Defendant's Amended Motion for Relief Under § 3582(c)(1)(A) is **denied**.

Dated this 28th day of February, 2022.

Honorable Steven P. Logan
United States District Judge